# NOAH HILLEN
## CHAPTER 7 BANKRUPTCY TRUSTEE

P.O. Box 6538, Boise, Idaho 83707    ▪    (208) 297-5774    ▪    ngh@hillenlaw.com

February 8, 2017

**OFFER OF COMPROMISE SUBJECT TO
I.R.E. 408 AND F.R.E. 408**

Eric Mikkelsen
Amanda Mikkelsen
41 Mangum Cir. #1
Donnelly, ID 83615
*Sent Via First Class Mail*
*cc: Mark Avery Via First Class Mail)*
*cc: Nick Erekson Via First Class Mail*

    Re:    Eric & Amanda Mikkelsen
              Bankruptcy Case No. 16-01489-TLM
              Petition Date: 11/18/2016

Dear Mr. & Mrs. Mikkelsen:

As you know, I am the chapter 7 trustee appointed to administer your bankruptcy case. Based upon my review of your bankruptcy Schedules, Statement of Financial Affairs, bank account and statements, and other financial documents, you will need to turn over $37,397.97 to the bankruptcy estate. I understand that you likely don't have the ability to turn over these funds to my office immediately. As set forth below, I have a potential solution to this problem.

### A. Funds Requested to be Turned Over

The funds I am seeking that you turn over consist of nonexempt bank account funds, cash, attorney trust account funds, and funds transferred to Norheim, Inc., Alan Mikkelson, Traci Ulberg, and Ben Jones prior to the bankruptcy filing. I have included a summary of the funds I am seeking below:

| Source | Amount |
|---|---|
| Erekson Law Trust Account | $ 7,822.25 |
| Mountain America CU Savings Account | $ 5.00 |
| Idaho First Bank Account | $ 4,337.10 |
| Google Wallet Account | $ 3,832.53 |
| Cash | $ 40.00 |
| Transfers to Norheim, Inc. | $ 13,952.64 |
| Transfer to Alan Mikkelson | $ 2,938.00 |
| Transfers to Traci Ulberg | $ 2,870.45 |

Eric & Amanda Mikkelsen
February 8, 2017
Page 2

| Transfer to Ben Jones | $ 1,600.00 |
|---|---|
|  |  |
| **Total** | **$ 37,397.97** |

1. **Erekson Law Trust Account Funds** – You previously paid Erekson Law a $10,000 retainer in connection with a child custody matter. As of the Petition Date, there were $7,822.25 in nonexempt funds in the trust account.

2. **Mountain America CU Savings Account** – On the Petition Date there were $5.00 is nonexempt funds in this account.

3. **Idaho First Bank Account** – On the Petition Date, there were $4,337.10 in funds in this bank account. You have attempted to exempt 75% of these funds pursuant to Idaho Code § 11-207, which permits you to exempt funds traceable to wages. I objected to the claim of exemption, however, because the funds in that account are traceable to the proceeds from the sale of the Logan, Utah real property. On September 30, 2016, approximately six weeks prior to the Petition Date, you deposited $43,852.71 into this bank account.

4. **Google Wallet Account** – On the Petition Date, you had $3,880.84 in nonexempt funds in this account.

5. **Cash** – On the Petition Date, you had $40 in nonexempt cash on hand.

6. **Transfers to Norheim, Inc.** – From October 3, 2016 to November 14, 2016, you transferred a total of $13,952.64 from your Idaho First Bank Account to Norheim, Inc. You indicated that these transfers were necessary so that Norheim, Inc. could make its payroll obligations. Since these payments were not for personal expenses, Section 548(a)(1)(B) of the Bankruptcy Code permits me to avoid these transfers and claw back the funds from Norheim, Inc.

7. **Transfers to Alan Mikkelsen** – From July 14, 2016 to November 2, 2016, you transferred $2,938.00 to Alan Mikkelsen. Pursuant to Section 547(b) of the Bankruptcy Code, I am able to avoid transfers made to your family members up to a year before the Petition Date and recover these funds from Alan Mikkelsen.

8. **Transfers to Traci Ulberg** – From August 2, 2016 to November 10, 2016, you transferred a total of $2,870.45 to Traci Ulberg. You indicated that these transfers were so that Ulberg could manage the books and records of your businesses. Since these payments were not for personal expenses, Section 548(a)(1)(B) of the Bankruptcy Code permits me to avoid these transfers and claw back the funds from Ulberg.

9. **Transfer to Ben Jones** – On August 29, 2016, you transferred $1,600 to Ben Jones. You indicated this transfer was for a business expense owed to Jones. Since these payments were not for personal expenses, Section 548(a)(1)(B) of the Bankruptcy Code permits me to avoid these transfers and claw back the funds from Jones.

Eric & Amanda Mikkelsen
February 8, 2017
Page 3

### B. Compromise of Turnover

I recognize that it may not be feasible for you to turn over $37,397.97 to my office in a short time frame. Therefore, I am willing hold off on pursuing turnover of the majority of these funds provided you assigned a cause of action to the bankruptcy estate. I would ask that you also turn over $1,500 to my office, which would be credited towards the $37,397.97.

The declaration of homestead you recorded regarding this property deficient and does not comply with Idaho Code § 55-1004(3) because it is missing an estimation of the premises actual cash value. Idaho Code § 55-1004(3) requires, among other things, that a declaration of homestead contain an "estimate of the premises actual cash value." Our District Court has strictly construed the requirements of Idaho Code § 55-1004. *In re Thorp*, 09.3 I.B.C.R. 90, 92 (D. Idaho 2009).

It appears that the Declaration of Homestead was prepared on your behalf by the Law Office of John O. Avery. You therefore likely have a claim against the Law Office of John O. Avery for professional negligence for failing to prepare a declaration of homestead that meets the requirements of Idaho Code § 55-1004(3). If you agreed to assign that claim to the bankruptcy estate, I would hold off on pursuing turnover of the remaining funds from you. I instead would attempt to pursue the professional negligence claim and I would credit any sums recovered on that claim towards the $37,397.97.

Please let me know within the next 14 days if you are interested in pursuing this compromise. If we do reach a compromise, it would need to be approved by the Bankruptcy Court.

Sincerely,

Noah G. Hillen
Chapter 7 Trustee