# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 16-01489-TLM |
| ERIC ALAN MIKKELSEN and ) | |
| AMANDA LYNN MIKKELSEN, ) | |
| ) | Chapter 7 |
| Debtors. ) | |
| _____ ) | |
| ) | |
| JOHN AVERY, d/b/a AVERY LAW ) | |
| OFFICE; and MARK AVERY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Adv. No. 18-06018-TLM |
| ) | |
| ERIC ALAN MIKKELSEN and ) | |
| AMANDA LYNN MIKKELSEN, ) | |
| husband and wife, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## MEMORANDUM OF DECISION
_____

John Avery and Mark Avery (the "Averys") brought this action against chapter 7 debtors Eric and Amanda Mikkelsen (the "Mikkelsens"). The Averys were counsel for the Mikkelsens prior to and at the commencement of the Mikkelsens' chapter 7 bankruptcy case on November 18, 2016. The Averys remained the Mikkelsens' bankruptcy attorneys until another attorney, Randal

MEMORANDUM OF DECISION - 1

French, substituted in as counsel for the Mikkelsens on March 15, 2017.

The complaint alleges the Mikkelsens filed a malpractice action against the Averys in the District Court for the Fourth Judicial District, State of Idaho, assigned Case No. CV01-18-03185, on February 15, 2018 (the "State Court Action"). *See* Doc. No. 1-1. That State Court Action alleges the Averys prepared and filed a legally deficient homestead declaration for the Mikkelsens prior to bankruptcy, to which the bankruptcy trustee later successfully objected, thus causing the Mikkelsens damage. Additionally, it alleges the Averys improperly and negligently advised the Mikkelsens they could pay certain financial obligations before filing their bankruptcy petition, which they did, resulting in the bankruptcy trustee challenging such transactions and leading to the Mikkelsens having to reimburse the bankruptcy estate for the same. The Mikkelsens claim the Averys' alleged malpractice caused damage in an amount of not less than $100,000.

The Averys' complaint herein seeks a determination that the State Court Action is property of the bankruptcy estate under § 541(a). Such a determination would result in the chapter 7 trustee having control over the lawsuit and any resolution of that matter. The Averys' complaint also contends "any monies paid" in the State Court Action should be paid to the trustee under § 542(b).

The Mikkelsens, through their bankruptcy counsel French and their state

MEMORANDUM OF DECISION - 2

court counsel Jeffrey Strother, moved to dismiss this complaint. Doc. No. 11 ("Dismissal Motion"). The Averys opposed dismissal. Doc. No. 16. Additionally, the Mikkelsens filed a Motion for Sanctions against the Averys and their counsel under Fed. R. Bankr. P. 9011, Doc. No. 14 ("Sanctions Motion"), contending the filing of the complaint was for an improper purpose or to cause unnecessary delay or needless increase in the cost of litigation. The Averys and their counsel oppose the Sanction Motion. Doc. No. 17.

Both matters were heard on August 20, 2018, and taken under advisement. This Decision constitutes the Courts findings and conclusions under Fed. R. Bankr. P. 7052 and 9014.

### A. Dismissal Motion

The Averys contend in this adversary proceeding that the malpractice claim accrued at the time of the allegedly negligent act or omission, and is thus prepetition in nature and, consequently, property of the estate. They additionally argue that, whenever it accrued, the cause of action is "sufficiently rooted in the pre-bankruptcy past" to be considered property of the estate. In moving to dismiss, the Mikkelsens contend the malpractice action accrued post-petition when the bankruptcy trustee avoided their claimed homestead exemption on what they allege was a legally deficient document prepared and recorded by the Averys. As such, they believe this post-petition cause of action belongs to them, not to the

MEMORANDUM OF DECISION - 3

bankruptcy trustee as property of the estate, and the complaint should be dismissed.

In *Wisdom v. Gugino (In re Wisdom)*, 2016 WL 872102 (Bankr. D. Idaho Mar. 7, 2016), this Court considered a debtor's claims against his bankruptcy counsel, including claims for legal malpractice. *Id.* at *1. It found that those asserted claims "inure solely to [debtor] and to his benefit, not to his creditors or the estate." *Id.* at *2. The Court cited *In re de Hertogh*, 412 B.R. 24, 30–31 (Bankr. D. Conn. 2009) and noted that "[a] malpractice action that under applicable state law only accrues post-petition is neither property of the estate under § 541(a)(1) nor property of the estate under § 541(a)(7)." In *Wisdom*, the debtor's claims were premised on three post-bankruptcy incidents and his counsel's alleged post-bankruptcy failures regarding the same: the trustee's liquidation of certain insurance policies, and the sale or compromise by the trustee of the debtor's prepetition pro se lawsuits which were property of the estate, neither of which were objected to by his counsel; and his counsel's withdrawal from representation. Thus all these claims arose from solely post-petition attorney conduct, and could as a result only accrue post-petition. Unlike the instant matter, *Wisdom* did not address prepetition conduct of counsel that was allegedly negligent or actionable as malpractice.

In *de Hartogh*, the court concluded that if a malpractice claim had accrued

MEMORANDUM OF DECISION - 4

as of the petition date, it became property of the estate and only the trustee would have standing to assert it. There, under applicable Connecticut law, a cause of action for legal malpractice did not accrue until a plaintiff sustained some injury or harm as a result of the act or omission. The court stated that, "[s]o long as the required element of harm remains purely hypothetical, a plaintiff has no legally cognizable cause of action for legal malpractice and thus no property interest therein." 416 B.R. at 30. The parties in that case agreed that the acts or omissions took place before bankruptcy, but "[t]he harm alleged by the Debtors was the disallowance in the bankruptcy case of their claimed homestead exemption[.]" *Id.* at 31. Thus, the court concluded the malpractice cause of action accrued post-petition and was not property of the bankruptcy estate.

Here, the applicable state law is Idaho's. *Tingley v. Harrison*, 867 P.2d 960 (Idaho 1994) states:

> Idaho Code § 5-219(4) provides a two-year statute of limitations for professional malpractice causes of actions. It also provides that the cause of action accrues at the time of the occurrence, act, or omission complained of. Idaho case law extends the time of accrual to the date when the plaintiff is damaged where the negligence is continuing. *Griggs v. Nash*, 116 Idaho 228, 232, 775 P.2d 120, 124–25 (1989).

*Id.* at 963. The court continued by acknowledging that it had interpreted Idaho Code § 5-219(4) "to require 'some damage' before the action accrues and the

MEMORANDUM OF DECISION - 5

limitation period begins to run." *Id.*[1]

> *Griggs*, cited in *Tingley*, stated:
>
> Having resolved that I.C. § 5-219(4) is the applicable statute of limitations in this case, we must then determine when the action accrued. The statute provides that actions for professional malpractice accrue "as of the time of the occurrence, act or omission complained of." If we were to apply the statute strictly, the claims of EMSI and Van Gelder against Trout would clearly be barred. The alleged acts or omissions of Trout occurred in May 1984. Since the third-party complaint was not filed until September of 1987, the statute would bar the claims. However, in *Streib v. Veigel*, 109 Idaho 174, 706 P.2d 63 (1985), this Court extended the date for accrual of actions for professional malpractice where the negligence is continuing, until the date that damage occurred.

*Id.*, 775 P.2d at 124.[2]

The conclusion to be drawn from the foregoing cases is that, under applicable Idaho law, the cause of action here accrued post-petition, when Trustee successfully challenged the effectiveness of the homestead declaration prepared and filed by the Averys for the Mikkelsens, and when Trustee asserted his rights to

---

[1] While damage is required for a malpractice cause of action to accrue, *Tingley* makes it clear that discovery of that damage is not required and there is no exception to the accrual of the cause or the statute of limitations period based on a lack of discovery of the damage. *Id.*

[2] *Streib* concerned an accountant's allegedly negligent preparation of tax returns, and the question the court was required to resolve was whether the cause of action accrued at the time of the acts or omissions or upon the later assessment of penalties by the Internal Revenue Service. The court chose the latter and concluded that "no damage was suffered until the tax return was challenged and an assessment made by the Internal Revenue Service. Indeed, had the tax returns never been audited, no loss would have been suffered and plaintiffs-appellants would have nothing to gain from filing suit. . . . By the very action of preparing an income tax return, an accountant is aware that no damage is incurred and consequently no tort is completed, until such time, if ever, that the Internal Revenue Service disputes the return and, as here, assesses penalties and interest." 706 P.2d 178–79.

MEMORANDUM OF DECISION - 6

recover from the Mikkelsens the prepetition payments they made to creditors on the advice of the Averys.[3] The "damage" required under Idaho law is based on Trustee's challenge, similar to the IRS' challenge and assessment in *Streib*.

The decision in *Porrett v. Hillen (In re Porrett)*, 564 B.R. 57 (D. Idaho 2016), is also instructive. In that case, the court determined that "property of the estate includes *accrued* causes of action, even if the debtors were unaware of the claims at the time they filed their bankruptcy petition." *Id.* at 67 (citing *In re Michael*, 423 B.R. 323, 330 (Bankr. D. Idaho 2009). The court continued: "With these principles in mind, it becomes clear that a cause of action that only accrues post-petition is neither property of the bankruptcy estate under § 541(a)(1), nor property of the bankruptcy estate as "proceeds" of or from property of the bankruptcy estate under § 541(a)(6), nor property of the bankruptcy estate as an after-acquired "interest" under § 541(a)(7)." *Id.* at 69 (citing *Wisdom*, 2016 WL 872102 at *2 n.4).

The Ninth Circuit has explained that:

> To determine when a cause of action accrues, we look to state law. *In re Folks*, 211 B.R. 378, 384 (9th Cir. BAP 1997). It is important, however, to distinguish principles of accrual from principles of discovery and tolling, which may cause the statute of limitations to begin to run after accrual has occurred for purposes of ownership in

---

[3] To be clear, the Court addresses such matters only in regard to accrual, and does not have, or express, any position on whether there is a viable cause of action or on any of the merits of the issues raised in the State Court Action.

MEMORANDUM OF DECISION - 7

bankruptcy. *In re Swift*, 129 F.3d 792, 796, 798 (5th Cir. 1997). *Cusano v. Klein*, 264 F.3d 936, 947 (9th Cir. 2001). Relying on *Cusano*, *Porrett* concluded that, "the court looks at whether an action on the claim 'could have been brought' pre-petition, even if the state statute of limitations on the claim had not yet begun to run.'" 564 B.R. at 70.

As discussed, Idaho case law requires "damage" in order for the malpractice cause of action to accrue. As noted in *Streib*, a malpractice claim did not accrue on an accountants' negligent preparation of tax returns until the IRS audited and disallowed claimed deductions and thus created a damage to the taxpayer-client. Here, until the bankruptcy trustee challenged the homestead declaration and the transfers, no action accrued. The State Court Action is not property of the estate. The Mikkelsens' Dismissal Motion is thus well taken. The Averys' objection will be overruled and the Dismissal Motion will be granted.

### B. Sanctions Motion

Having concluded the Averys' complaint will be dismissed, the Court must address the Mikkelsens' Sanctions Motion which seeks an award under Rule 9011 including costs and attorneys' fees.[4] In response, the Averys seek an award under Rule 9011(c)(1)(A) for the attorneys' fees and costs incurred in defending the

---

[4] The Court determines that a critical precondition to entertaining the motion—the "safe harbor" of Rule 9011(c)(1)(A)—is met. The Sanctions Motion was served on June 26, 2018, *see* Doc. No. 14 at 5, and it was not filed until July 25, 2018.

MEMORANDUM OF DECISION - 8

Sanctions Motion.  Doc. No. 17 at 5, 6, and 11.

The Mikkelsens' submissions did not include any evidence.  They merely alleged that the Averys' "complaint is being presented for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."  Doc. No. 14 at 2; *see also id.* at 4.  The Mikkelsens' suppositions or beliefs about their opponents' motives do not provide adequate support for their Sanctions Motion.

In addition, the foregoing discussion reflects a legitimate issue as to the accrual of a malpractice cause of action.  Both sides amassed case law and argument in support of their respective positions and sought to distinguish or contradict those of their opponent.  That is an unremarkable situation in litigation.  That the Mikkelsens ultimately prevailed on the legal issue does not, *ipso facto*, suggest much less establish that the opposing view was frivolous.  And certainly nothing presented supports the speculation or assertion that the underlying motive of the Averys or their counsel was improper, intended to harass, or cause unnecessary delay, or needlessly increase the cost of litigation.  Instead, the record reflects the Averys' desire to seek a ruling on the accrual issue based on case law and legal analysis.

Clearly parties and their lawyers can be wrong in their interpretation of legal issues without violating Rule 9011.  The Mikkelsens' reflexive and virtually

MEMORANDUM OF DECISION - 9

immediate response asserting Rule 9011 violations and right to sanctions is something that should be, and is, avoided by the vast majority of attorneys.

The Court can and has awarded Rule 9011 sanctions in appropriate situations.[5] This is not such a situation. Because the Sanctions Motion has not been shown to have merit, it will be denied. However, that does not end the analysis. Rule 9011(c)(1)(A) states that "[i]f warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion." As the Averys have prevailed in their objection, the Court must determine if reasonable expenses and fees should be awarded.

The Averys' objection notes that the Sanction Motion "is a thinly veiled motion to dismiss." Indeed, the Mikkelsens successfully brought their Dismissal Motion. To the extent the Sanctions Motion raised similar issues and concerns, there could be little damage to the Averys from its filing as they were already required to address and defend against that Dismissal Motion. But the Sanctions Motion sought more than dismissal, and the Averys' response to an ill advised and improperly pursued sanction motion did require attorney time and resources.

---

[5] *See, e.g.*, *In re Wallace*, 2013 WL 782721 (Bankr. D. Idaho Feb. 27, 2013); *In re Daw*, 2011 WL 231362 (Bankr. D. Idaho Jan. 24, 2011); *In re Hurd*, 2011 WL 231362 (Bankr. D. Idaho August 11, 2010). *See also In re Frantz*, 2016 WL 4581405 (D. Idaho Aug. 31, 2016) (affirming this Court's oral ruling imposing sanctions of over $49,000 on litigants and litigants' counsel under § 105(a) and its inherent powers).

MEMORANDUM OF DECISION - 10

To the extent the Averys' counsel can parse the time spent specifically addressing the Rule 9011 standards, as opposed to the merits of the complaint and the Dismissal Motion and a related standing issue, much of which is repeated in the objection to the Sanctions Motion, the Court can and will award some fees.

Therefore, the Court will allow the Averys' counsel 7 days to submit an affidavit of relevant fees and costs. The Mikkelsens shall have 7 days to respond to that affidavit. The Court will then determine, without hearing, a reasonable fee to award under Rule 9011(c)(1)(A).

Orders will be entered consistent with this Decision.

DATED: August 30, 2018



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE